Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

ALBERTO HERNANDEZ, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

FU JIN, INC. (d/b/a TOFU CHINESE & JAPANESE RESTAURANT), JIANG CHUANG YOU, FU JIN JIANG and JOHN DOE,

                *Defendants.*

----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Alberto Hernandez ("Plaintiff Hernandez" or "Mr. Hernandez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Fu Jin, Inc. (d/b/a Tofu Chinese & Japanese Restaurant) ("Defendant Corporation"), Jiang Chuang You, Fu Jin Jiang, and John Doe (collectively, "Defendants"), upon information and belief, alleges as follows:

## NATURE OF ACTION

1. Plaintiff Hernandez was an employee of Defendants Fu Jin, Inc. (d/b/a Tofu Chinese & Japanese Restaurant), Jiang Chuang You, Fu Jin Jiang, and John Doe.

2. Tofu Chinese & Japanese Restaurant is a restaurant owned by Jiang Chuang You, Fu Jin Jiang, and John Doe located at 1260 Waverly Avenue, Farmingville, New York 11738.

1

3.	Upon information and belief, Defendants Jiang Chuang You, Fu Jin Jiang, and John Doe serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4.	Plaintiff Hernandez worked long days as a dishwasher and food preparer at the restaurant located at 1260 Waverly Avenue, Farmingville, New York, 11738.

5.	Plaintiff Hernandez regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

6.	Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Hernandez appropriately for any hours worked.

7.	Further, Defendants failed to pay Plaintiff Hernandez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.	Defendants' conduct extended beyond Plaintiff Hernandez to all other similarly situated employees.

9.	At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.	Plaintiff Hernandez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y.

Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff Hernandez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Hernandez's State Law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Hernandez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Alberto Hernandez ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Queens County, New York.

15. Plaintiff Hernandez was employed by Defendants from approximately June 26, 2012 until on or about February 6, 2016.

16. At all relevant times to this complaint, Plaintiff Hernandez was employed by Defendants as a dishwasher and food preparer at Tofu Chinese & Japanese Restaurant, located at 1260 Waverly Avenue, Farmingville, New York 11738.

17. Plaintiff Hernandez consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. Defendants own, operate and/or control a Chinese/Japanese restaurant located at 1260 Waverly Avenue, Farmingville, New York 11738 under the name of Tofu Chinese & Japanese Restaurant, at all times relevant to this complaint.

19. Upon information and belief, Defendant Fu Jin, Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1260 Waverly Avenue, Farmingville, New York 11738.

20. Defendant Jiang Chuang You is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

21. Defendant Jiang Chuang You is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

22. Defendant Jiang Chuang You possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

23. Defendant Jiang Chuang You determined the wages and compensation of employees, including Plaintiff Hernandez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

24. Defendant Fu Jin Jiang is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25. Defendant Fu Jin Jiang is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

26. Defendant Fu Jin Jiang possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

27. Defendant Fu Jin Jiang determined the wages and compensation of employees, including Plaintiff Hernandez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

28. Defendant John Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

29. Defendant John Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

30. Defendant John Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

31. Defendant John Doe determined the wages and compensation of employees, including Plaintiff Hernandez, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

32. Defendants own, operate and/or control a Chinese/Japanese restaurant located at 1260 Waverly Avenue, Farmingville, New York 11738.

33. Individual Defendants Jiang Chuang You and Fu Jin Jiang possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

34. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35. Each Defendant possessed substantial control over Plaintiff Hernandez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Hernandez, and all similarly situated individuals, referred to herein.

36. Defendants jointly employed Plaintiff Hernandez, and all similarly situated individuals, and are Plaintiff Hernandez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37. In the alternative, Defendants constitute a single employer of Plaintiff Hernandez and/or similarly situated individuals.

38. Upon information and belief, Individual Defendants Jiang Chuang You, Fu Jin Jiang, and John Doe operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

39. At all relevant times, Defendants were Plaintiff Hernandez's employers within the meaning of the FLSA and NYLL.

40. Defendants had the power to hire and fire Plaintiff Hernandez, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Hernandez's services.

7

41. In each year from 2012 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

42. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

43. Plaintiff Hernandez is a former employee of Defendants, who was employed as a dishwasher and food preparer.

44. Plaintiff Hernandez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Alberto Hernandez*

45. Plaintiff Hernandez was employed by Defendants from approximately June 26, 2012 until on or about February 6, 2016.

46. At all relevant times, Plaintiff Hernandez was employed by Defendants to work as a dishwasher and food preparer.

47. Plaintiff Hernandez regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a dishwasher and food preparer.

48. Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

49. Throughout his employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

50. From approximately June 26, 2012 until on or about July 29, 2015, Plaintiff Hernandez worked from approximately 11:00 a.m. until on or about 9:30 p.m. Mondays through Thursdays, from approximately 11:00 a.m. until on or about 10:30 p.m. on Fridays and from approximately 11:30 a.m. until on or about 10:30 p.m. on Saturdays (typically 64.5 hours per week).

51. From approximately July 30, 2015 until on or about February 6, 2016, Plaintiff Hernandez worked from approximately 11:00 a.m. until on or about 9:30 p.m. Mondays through Thursdays, from approximately 11:00 a.m. until on or about 10:30 p.m. on Fridays, from approximately 11:30 a.m. until on or about 10:30 p.m. on Saturdays and from approximately 12:30 p.m. until on or about 9:30 p.m. on Sundays (typically 73.5 hours per week).

52. Throughout his employment with defendants, Plaintiff Hernandez was paid his wages in cash.

53. From approximately June 26, 2012 until on or about June 2015, Plaintiff Hernandez was paid a fixed salary of $400 per week.

54. From approximately June 2015 until on or about July 29, 2015, Plaintiff Hernandez was paid a fixed salary of $450 per week.

55. From approximately July 30, 2015 until on or about February 6, 2016, Plaintiff Hernandez was paid a fixed salary of $525 per week.

56. Plaintiff Hernandez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

9

57. Defendants did not provide Plaintiff Hernandez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

58. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Hernandez regarding wages as required under the FLSA and NYLL.

59. Defendants did not provide Plaintiff Hernandez with each payment of wages a statement of wages, as required by NYLL 195(3).

60. Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

61. Defendants regularly required their employees, including Plaintiff Hernandez, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or Spread of Hours compensation.

62. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

63. Defendants paid Plaintiff Hernandez all of his wages in cash.

64. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

65. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Hernandez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Hernandez's relative lack of sophistication in wage and hour laws.

66. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Hernandez (and similarly situated individuals) worked, and to avoid paying Plaintiff Hernandez properly for (1) his full hours worked, (2) for overtime due.

67. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants failed to provide Plaintiff Hernandez ' and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

68. Defendants failed to provide Plaintiff Hernandez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether

11

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69. Plaintiff Hernandez brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Tofu Chinese & Japanese Restaurant (the "FLSA Class").

70. At all relevant times, Plaintiff Hernandez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Hernandez ' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

71. The claims of Plaintiff Hernandez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

72. Plaintiff Hernandez repeats and re-alleges all paragraphs above as though fully set forth herein.

73. At all times relevant to this action, Defendants were Plaintiff Hernandez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Hernandez (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

74. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76. Defendants failed to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77. Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

79. Plaintiff Hernandez repeats and re-alleges all paragraphs above as though fully set forth herein.

80. Defendants, in violation of the FLSA, failed to pay Plaintiff Hernandez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

81. Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)**

83. Plaintiff Hernandez repeats and re-alleges all paragraphs above as though fully set forth herein.

84. At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Hernandez (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

85. Defendants, in violation of the NYLL, paid Plaintiff Hernandez (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

86. Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff Hernandez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS)

88. Plaintiff Hernandez repeats and re-alleges all paragraphs above as though fully set forth herein.

89. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Hernandez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

90. Defendants failed to pay Plaintiff Hernandez (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

91. Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92. Plaintiff Hernandez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

93. Plaintiff Hernandez repeats and re-alleges all paragraphs above as though fully set forth herein.

94. Defendants failed to pay Plaintiff Hernandez (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Hernandez's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

95. Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) an additional hour's pay for each day Plaintiff Hernandez's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

96. Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

97. Plaintiff Hernandez repeats and re-alleges all paragraphs above as though fully set forth herein.

98. Defendants failed to provide Plaintiff Hernandez with a written notice, in English and in Spanish (Plaintiff Hernandez's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

99. Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)**

100. Plaintiff Hernandez repeats and re-alleges all paragraphs above as though set forth fully herein.

101. Defendants did not provide Plaintiff Hernandez with wage statements upon each payment of wages, as required by NYLL 195(3).

102. Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA class members;

(c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA class members;

(d) Declaring that Defendants have violated the recordkeeping requirements of, and

17

associated rules and regulations under, the FLSA with respect to Plaintiff Hernandez's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Hernandez and the FLSA class members;

(f) Awarding Plaintiff Hernandez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Hernandez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez and the members of the FLSA Class;

(i) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez and the members of the FLSA Class;

(j) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Hernandez's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Hernandez and the FLSA Class members;

(l)     Awarding Plaintiff Hernandez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(m)    Awarding Plaintiff Hernandez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(n)    Awarding Plaintiff Hernandez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiff Hernandez and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(p)    All such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        April 20, 2016

                                      MICHAEL FAILLACE & ASSOCIATES, P.C.

                                          /s/_Michael Faillace_____
                                      By:   Michael A. Faillace [MF-8436]
                                            60 East 42nd Street, Suite 2540
                                            New York, New York 10165
                                            (212) 317-1200
                                            *Attorneys for Plaintiff*

19

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 10, 2016

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:  Alberto Hernandez Morales

Legal Representative / Abogado:  Michael Faillace & Associates, P.C.

Signature / Firma:  _____

Date / Fecha:  10 de febrero de 2016